# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-15-222-2-F |
| ) | |
| HECTOR LUJAN ROMERO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Hector Lujan Romero, proceeding *pro se*, has filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines.[1]  Doc. no. 102. Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 105.  The matter is at issue.

On December 6, 2022, defendant pleaded guilty, pursuant to a plea agreement, to Count 1 of the Indictment charging defendant with drug conspiracy in violation of 21 U.S.C. § 846.  Thereafter, the Probation Office prepared a final presentence investigation report.  It calculated defendant's base level offense at 30.  Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(16)(D) because he received an adjustment under U.S.S.G. § 3B1.1, and he obstructed justice in connection with the prosecution of the offense by absconding for over six years.  He

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

also received a two-level enhancement under U.S.S.G. § 3B1.1(c) because he was an organizer, leader, manager, or supervisor in any criminal activity in that he directed and paid co-defendant Anthony Grajeda for his services and had knowledge of the scope of the larger conspiracy. Further, he received a two-level enhancement under U.S.S.G. § 3C1.1 for willfully obstructing or impeding, or attempting to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense. With the enhancements, defendant had an adjusted offense level of 36. After applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 33.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 33 and a criminal history category of I, defendant's advisory sentencing guideline imprisonment range was 135 months to 168 months.

Defendant submitted objections to the final presentence investigation report with respect to the sentencing enhancements. At sentencing, the court overruled defendant's objections. With respect to the two-level enhancement under U.S.S.G. § 3B1.1(c), the court found that defendant had organizer or manager-type responsibility. The court adopted the final presentence investigation report except for one change that did not affect the recommended advisory sentencing guideline imprisonment range. The court sentenced defendant for a term of imprisonment of 135 months and five years of supervised release.

In his motion, defendant asks the court to modify his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 103), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria. *See*, U.S.S.G. § 4C1.1(a). One of those criteria is that "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848[.]" U.S.S.G. § 4C1.1(a)(10); *see also*, United States v. Read-Forbes, Criminal Action No. 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024) (Section

3

4C1.1(a)(10) "properly read to exclude any defendant who *either* had [an] aggravating role enhancement or engaged in [a] continuing criminal enterprise[.]") (citing United States v. Castaneda Mendez, Case No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024)) (emphasis in original).  As discussed, defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(c) for being an organizer or manager in the criminal activity.

Because defendant does not meet all ten criteria of U.S.S.G. § 4C1.1(a), specifically, U.S.S.G. § 4C1.1(a)(10), he is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).  Therefore, the court concludes that defendant's motion should be dismissed.

Accordingly, defendant Hector Lujan Romero's "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (doc. no. 102) is **DISMISSED**.

IT IS SO ORDERED this 6th day of November, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0222p014 (Romero).docx